UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| VERA R. GORDON | ) | CASE NO:2;22-CV-4497-DCN-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | **COMPLAINT** |
| CHARLESTON COUNTY SCHOOL | ) | (Jury Trial Requested) |
| DISTRICT, CHRISTOPHER R. HAYNES, | ) | |
| IN HIS INDIVIDUAL CAPACITY, AND | ) | |
| JENNIFER COKER, IN HER INDIVIDUAL | ) | |
| CAPACITY | ) | |
| | ) | |
| DEFENDANTS, | ) | |
| _____ | ) | |

The Plaintiff, Vera R. Gordon, complaining of the above named Defendants, would respectfully

show unto this Honorable Court, the following:

**I.       PARTIES, JURISDICTION, AND VENUE**

1.      The Plaintiff, Vera R. Gordon, an African-American female, was at all times relevant to

the allegation set forth in this Complaint, a resident and citizen of the Town of Ravenel,

County of Charleston and State of South Carolina from August 2016 through May of

2020.

2.      The Plaintiff is now a resident of the City of Hopewell, Prince George County, Virginia.

3.      The Defendant, Charleston County School District, (hereinafter referred to as "District"),

is a subdivision of the State of South Carolina, located in Charleston County, State of

South Carolina.

4.      Upon information and belief, Defendant Christopher R. Haynes, is an individual and

upon information and belief, is a citizen and resident of Berkeley County, South Carolina,

(hereinafter referred to as "Haynes").

1

5.    Upon information and belief, the Defendant Jennifer Coker, (hereinafter referred to as "Coker") is a citizen and resident of Berkeley County, South Carolina.

6.    That this Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343 because this action is based on 42 U.S.C. § 1983 and 2000e-2 *et. seq.;* violations of *29 C.F.R. §1604(e)*, a Regulation of the EEOC; and Title VII of the Civil Rights Act of 1964, as Amended, and pursuant to alleged violations by a State Actor of rights, privileges and/or immunities secured to individual citizens of the United States of America by the Constitution of the United States of America, including by the 14th Amendment to the Constitution of the United States of America.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants "District", "Haynes" and "Coker" are situated in, or reside in, the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the unlawful acts and/or statutory violations and violations of protection granted by the Constitution of the United States of America were all committed within the geographic boundaries of the Charleston Judicial Division of the United States District Court, District of South Carolina.

## **FACTS**

8.    That the Plaintiff is a Fifty-six (56) year old African-American female (DOB is December 5, 1965) and was employed by the Defendant "District" from August of 2016 as a Teacher Assistant at Liberty Hill Academy, a public school operated by the Defendant "District" at all times relevant hereto, at 5025 W. Enterprise Street in the City of North Charleston, State of South Carolina, until May 19, 2020, when the Plaintiff

notified the Defendant "District" with the following specific words that she could not

return to her employment as follows:

> "Please accept this as my letter letting you know I can not return to be a Teacher's
> Assistant with Charleston County School next year. I'm fearful for my physical
> and mental health because of the repeated physical and mental abuse that I
> suffered at Liberty Hill Academy. The thought of returning is too much for me to
> handle. I'm still having bad dreams of everything that has happened. I can not
> return to work with the students present.
> Vera R. Gordon
> 05-19-2020

9.    That from August of 2016 through May of 2020, the Plaintiff was constantly subjected to

racially and sexually hostile behavior from the students at Liberty Hill Academy, during

working hours on the premises of Liberty Hill Academy, during which time the Plaintiff

was required to be present on the premises by her employment with the Defendant

"District", all of which the Defendant "District", the Defendant "Haynes", and Defendant

"Coker" knew or reasonably should have known about and did not properly or adequately

address.

10.    That the Plaintiff was constantly subjected to humiliating, degrading, unwelcomed and

offensive racial and sexual slurs throughout the school day and throughout the school

building at Liberty Hill Academy, including being called the "N" word, a mother-f'ing

bitch, stupid ass bitch, pussy, f'ing whore, ho, you suck a dick bitch, while being

frequently kicked, punched, pushed and even spat on by students at the school.

11.    That the Defendant "Haynes" was the Principal of Liberty Hill Academy from August

2016 through May of 2020 and the supervisor of all employees of the Defendant

"District" who worked at Liberty Hill Academy from August 2016 through May of 2020,

including the Plaintiff.

12.    That during the entire time period from August of 2016 through May of 2020 the Defendant Haynes was the supervisor on the premises of Liberty Hill Academy during the hours which Defendant "District" employees were working, and the final decision maker with regard to discipline of students on site during those hours.

13.    That the Defendant "Haynes" during the entire time from August 2016 through May of 2020, was Principal of Liberty Hill Academy and in that the capacity exercised substantial control over what level of behavior was acceptable by students and how students were disciplined as well as substantial control over how referrals by employees regarding student discipline problems were handled, including the racial and sexual harassment of employees by students.

14.    That during the entire time from August of 2016 through May of 2020, the Plaintiff was constantly being subjected to racial and sexual slurs by students at Liberty Hill Academy, and the Defendant "Haynes" was the Principal of Liberty Hill Academy, and the top Administrator of the Defendant "District" on site in charge of student discipline, the same "District" rules governing student discipline and what constitutes sexual and racial harassment of employees applied at Liberty Hill Academy as at Charleston County School of Arts, Moultrie Middle School, Lang Middle School and all other middle schools operated at the time by the Defendant "District", a fact which the Defendant "Haynes" knew or reasonably should have known.

15.    That the Defendant "Coker" was at all times relevant hereto from August 2016 through May of 2020 the "District" Supervisor of the Defendant "Haynes" and from August of 2016 through May of 2020, during which time the Plaintiff was employed by the Defendant "District" and working at Liberty Hill Academy, and during the entire time the

Defendant "Haynes" was Principal of Liberty Hill Academy, the Defendant "Coker" was assigned by the Defendant "District" for overseeing the Defendant "District's" program at Liberty Hill Academy, including discipline of students at the Liberty Hill Academy.

16. That the Defendant "Coker" was the "Director" and "Supervisor" of the Defendant "Haynes" at all times relevant hereto.

17. That the Defendant "Coker" was at all times relevant to the facts alleged in this Complaint, the "Director of Student Discipline" for the Defendant "District" for all students attending schools being operated by the Defendant "District" including those attending Liberty Hill Academy from August 2016 through May of 2020.

18. That at all times relevant hereto, including the time period August of 2016 through May of 2020, the Defendant "Coker" knew that it was a frequent occurrence at every Charleston County School, including Liberty Hill Academy for female employees to be called a "bitch" and that she did not find it "unwelcome, offensive, or degrading" for a female to be called a bitch by students.

19. That upon information and belief at all times relevant hereto, including from August of 2016 to May of 2020, the Defendant "Coker" in her capacity as "Director of Student Discipline", for all students in the Defendant "District", including those attending Liberty Hill Academy, did not find it necessarily inherently degrading or humiliating for African-Americans to be called racial slurs, including the "N" word and felt that if a teacher or employee is called a racial slur, whether it's offensive or not depends on how the teacher or employee feels about it, and that when somebody is subjected to a racial slur, it could be dehumanizing or not, depending on how the person being called it feels.

20.     That upon information and belief, and at all times relevant hereto, including from August 2016 to May of 2020, it was the position of the Defendant "Coker" as the "District" Director of Student Discipline including Liberty Hill Academy, that it was not necessarily degrading or offensive or unwelcome to female employees for students to disparage or mock female employees on their physical appearance or sexual behavior,

21.     That at all times relevant hereto, including from August 2016 to May of 2020, during which time the Defendant "Coker" was the Director of Student Discipline for the Defendant "District", including for students at Liberty Hill Academy, it was the position of the Defendant "Coker" that she could not say whether or not it would be intimidating for a female employee to be told "I'm going to steal you off" or being told "I'm going to hit you", "Fuck you, and you f'ing bitch" by students at Liberty Hill Academy.

22.     That upon information and belief, it was at all time relevant hereto, the position of the Defendant "Coker" as the Director of Student Discipline, including the time period of August 2016 through August 2020, that for students to tell employees in the "District", "I'll fucking steal you off" to their face and call them a fucking bitch several times, would not be intimidating to her.

23.     That prior to the beginning of the academic school year in August of 2016, Liberty Hill Academy was a kindergarten through 12th grade school for special education students.

24.     That in August of 2016 without adequate planning, supervision, resources, staffing or training for Administrators, teachers or employees, Liberty Hill was transformed from its years long existence as a kindergarten through 12th grade school for special education students operated by and under the supervision of the Defendant "District", into a school or program serving Middle School students, and kindergarten through 7th grade, including

6

both special education students and students who have been expelled from other public

schools within the Defendant "District" and administratively placed to attend Liberty Hill

Academy.

25.    That the Defendant "Coker" was the Supervisor of developing and implementing the

transition plan of Liberty Hill Academy from a special education school to a school

combining students expelled from other schools for behavioral problems with special

education in the same facility at Liberty Hill Academy in a rushed time period over just a

few months from April 2016 to August of 2016, when Liberty Hill Academy began as the

"new" school for a combined student body of special education students and expelled

students from other schools in the same facility, with a Principal who had never met with

or chosen any of the teachers or employees of Liberty Hill Academy prior to just a few

days before the start of school in August of 2016.

26.    The new Principal of Liberty Hill Academy was the Defendant "Haynes" who had never

been a Principal before becoming the Principal of Liberty Hill Academy, and was hired

for the new position only just a few weeks prior to the school opening in its new make-

up, without any opportunity to first meet the employees or be involved in any of the

planning.

27.    That the employees and teachers, including teacher's assistants at the newly created

Liberty Hill Academy in August of 2016 were largely, if not wholly, the same employees

and teachers, including teacher assistants who were employed at Liberty Hill Academy

immediately prior to August of 2016 and whose experience at Liberty Hill Academy was

limited to special education students and who had no experience at Liberty Hill Academy

with students who had been expelled from other "District" schools.

28.     That the school year began in August of 2016 at Liberty Hill Academy with no formal system of referrals for student discipline.

29.     That the school year began in August of 2016 at Liberty Hill Academy with inadequate staffing and resources to properly and effectively deal with student discipline issues which the Defendant "District" and "Coker" knew or should have known about.

30.     That the transformation of Liberty Hill Academy in August of 2016, placing special education students at the same facility with general education student with discipline issues was done in a rushed manner and was overseen and directed by the Defendant "Coker" without adequate planning or resources allocated to ensure the safety of employees at Liberty Hill Academy or adequate planning or resources to promptly and effectively monitor and discipline students to protect employees from being subjected to sexually and racially hostile behavior by students towards female employees at the new Liberty Hill Academy.

31.     That the rushed, ill planned and inadequately resourced opening of Liberty Hill Academy as set forth above, as implemented and supervised by the Defendant "Coker" and the Defendant "District" acting by and through the Defendant "Coker" who was put in a position to oversee and direct the newly combined programs at Liberty Hill Academy, created a working environment at Liberty Hill Academy for employees to be exposed to racially and sexually hostile behaviors of students towards the employees with no prompt or effective system in place to monitor and address such racially and sexually hostile behavior.

32.     That the combined rushed, ill planned, and inadequately resourced and staffed newly created program at Liberty Hill Academy in August of 2016 as implemented by the

Defendant "District" by and through the supervision and implementation of Defendant "Coker" as above stated created a hostile working environment for female teachers including African-American female teachers who lacked safety and support from the Defendant "District" or from the Defendant "Coker" or from the Defendant "Haynes" who was the final decision maker for onsite discipline and students at Liberty Hill Academy from August of 2016 through May of 2020, by knowingly and willfully allowing unresolved discipline issues to fester, allowing students to roam the halls at will, including no constructive consequences for misbehavior, including the use of racial or sexual slurs by students against female employees, by failing to respond to hundreds of discipline referrals at all, and by consciously and knowingly misusing ISS, sending students to ISS for such a short period of time for racially and sexually harassing employees, thereby creating a hostile working environment for female and African-American employees who were frequently subjected to unwelcome, abusive, degrading and racial and sexual slurs throughout the premises of Liberty Hill Academy, throughout the work day that were not properly and/or adequately addressed.

33.     That the racially and sexually hostile working environment at Liberty Hill Academy during the time period of August of 2016 through May of 2020 resulted in extremely high turnover of female employees from year to year during that time period as well as, psychological and physical injuries to female employees at Liberty Hill Academy and frequent flow of female employees and teachers to the nurse's office at Liberty Hill Academy to be treated for stress and anxiety as a result of the physical and racial and sexual abuse that those female employees were subjected to by students at Liberty Hill

9

Academy during school hours, which the Defendant "Haynes" knew or reasonably should have observed and known about.

34.    That as a result of the rushed, ill-conceived and inadequately planned or staffed conditions existing at Liberty Hill Academy as set forth above, the academic school year began in August of 2016 at the newly combined special education and general education for expelled students at Liberty Hill in a climate of chaos, with students threatening employees, cursing employees, leaving classrooms, and no referral system set up until September.

35.    That during the time period of August 2016 through May of 2020, Liberty Hill Academy was a pretty dangerous place to work, in terms of being subjected to frequent cursing about an employee's race and gender and about being violently attacked.

36.    That on November 8, 2017 at 11:28 PM the Defendant "Haynes" wrote an email in his official capacity as Principal of Liberty Hill Academy pursuant to, and in the course of, and in the scope of his employment with the Defendant "District" after consulting with his Supervisor, Defendant "Coker", to at least twelve (12) employees of Liberty Hill Academy that, "I just finished closing without action, 159 Discipline Referrals."

37.    That the Defendant "Haynes" specifically admitted in the above stated Email of November 8, 2017 at 11:28 PM that, "The issue that we had is that with being short staffed, it has been virtually impossible for Ms. Wicker to handle all of the referrals that have come to her".

38.    That the Defendant "Haynes" in his above stated Email of November 8, 2017 specifically admitted that, "I closed all referrals that had not been acted upon from the beginning of the year until October 13th."

39.    That chaos continued to reign at Liberty Hill Academy for the time period from October 2017 through May of 2020 with dozens of employees injured at Liberty Hill Academy, especially female employees being punched in the face by students, headbutted, drugged by their hair, having trash cans slammed over their head, knocked unconscious, subjected to frequent racial and sexual slurs, causing female employees to be constantly in a state of stress, anxiety, and fear, a condition which the Defendant "District", acting by and through the acts and omissions of the Defendant "Coker", failed to properly or adequately address.

40.    That, upon information and belief, thousands of discipline referrals went unprocessed at Liberty Hill Academy for student discipline during the time period August of 2016 through May of 2020.

41.    In the school year 2017 - 2018 above there were at least 348 incidents of major disruptions, including at least 175 threat incidents, 109 incidents of hitting, kicking and pushing, 62 incidents of fighting and 82 simple assaults, all of which did or reasonably should have put, the Defendant "District" and "Coker" on notice of the unsafe and hostile working environment at Liberty Hill Academy, and inadequate staffing and resources allocated to Liberty Hill Academy, creating a condition of reckless indifference to the safety and well being of employees working at Liberty Hill Academy during that time period.

42.    That a reasonable person in the Plaintiff's position as above stated, would find it unwelcome, offensive, intimidating and degrading to be frequently subjected to racial and sexual slurs that the Plaintiff was frequently subjected to while working at Liberty Hill Academy from August of 2016 through May of 2020, including being called the

"N- word", a "mother f'ing bitch", "stupid ass bitch", "dumbass whore", a "dick bitch", "pussy ass bitch" and "you suck a dick bitch".

43.    That a reasonable person in the Plaintiff's position as above stated would find to be frequently called the "N-word", "you suck a dick", "a mother f'ing bitch", "a stupid ass bitch", "pussy ass bitch", "dumbass whore" to be directed at her race (African-American) and gender (Female).

44.    That a reasonable person in the Plaintiff's position as above stated, would find it to adversely affect the conditions of her employment to be frequently subjected to the behavior described above, and to be frequently spat upon, pushed, kicked, shoved and beaten and be called racial and sexual slurs.

45.    That the ill-conceived, rushed, inadvertently resourced or staffed program created at Liberty Hill Academy in August of 2016, and the inability, incapacity or lack of willingness to promptly and effectively address the sexual slurs, intimidation and harassment as stated above created a condition of employment at Liberty Hill Academy from August of 2016 through May of 2020 where female employees were frequently subjected to a sexually hostile work environment and worked in a state of constant anxiety, stress, fear and intimidation resulting in a high turnover rate for female employees and an extraordinary high rate of female employees seeking medical attention for mental health issues and time missed from work and having to quit or remove themselves from employment at Liberty Hill Academy.

46.    That because the Defendant "District", "Coker" and "Haynes" did not properly or effectively address the racial and sexual harassment that the Plaintiff suffered, adverse working conditions were created that caused the Plaintiff to separate herself from

employment with the Defendant "District" in May of 2020 and additionally caused the Plaintiff to seek medical care for the stress, anxiety and depression caused by that sexually and racially hostile work environment.

47.  That during the time the Plaintiff was employed at Liberty Hill Academy the Plaintiff was routinely and frequently called racially and sexually demeaning and humiliating words, as were most or all female employees employed at Liberty Hill Academy during that time period, a condition that the Defendant "Coker" and "Haynes" knew or reasonably should have known about and were deliberately indifferent to, by failing to promptly or effectively address such behavior.

48.  That as a result of the above stated racial and sexual harassment the Plaintiff suffered anxiety, stress, physical symptoms of illness, a change in personality, loss of enjoyment of life and had to seek medical care and incurred medical expenses as well as to separate herself from employment with the Defendant "District" thereby also causing her income loss until she found another job.

49.  That while acting under the color of State Law, the Defendant "District", "Coker" and "Haynes" discriminated against the Plaintiff on the basis of the Plaintiff's sex (female) and race (African-American) in violation of her right to equal protection as provided by the 14th Amendment to the Constitution of the United States of America and subjected the Plaintiff to a racially and sexually hostile working environment.

50.  That the Plaintiff had a right under the Constitution of the United States of America and her contract of employment with the Defendant "District" to be able to work in an environment and not be called the "N-word" while she had to be on the premises of

Liberty Hill Academy during working hours, as well as not being frequently called a "fucking bitch" and other sexual slurs.

51.    That the Defendant "Haynes" had the authority pursuant to his role and job duties as the Principal of Liberty Hill Academy, during the time period of August 2016 through May of 2020, as delegated to him by the Defendant "District" to promptly, effectively, and adequately discipline student who sexually and racially harassed employees at Liberty Hill Academy, and Defendant "Haynes" failed to take such prompt and effective action to protect the Plaintiff from the racial and sexual harassment that he reasonably knew or should have known that the Plaintiff and other females and African-Americans were subjected to while employed at Liberty Hill Academy from August 2016 through May of 2020.

52.    That the Plaintiff timely filed a Complaint with the South Carolina Human Affairs Commission and charges were filed against and served on the Defendant "District" by the South Carolina Human Affairs Commission for violation of Title VII of the Civil Rights Act of 1964 on or about June 14, 2020.

53.    On or about October 14, 2021, the Plaintiff received a "Right to Sue" Notice from the US Equal Employment Opportunity Commission.

**FOR A FIRST CAUSE OF ACTION**
(Violation of Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983)

54.    The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

55.    Section 1983 of the Civil Rights Act of 1964, as Amended, provides an individual the right to sue state government employees acting under color of state law for civil rights violations,

56.    While acting under the color of state law, the Defendants "Coker" and "Haynes" discriminated against the Plaintiff on the basis of the Plaintiff's race (African-American) and gender (Female) in violation of constitutionally protected rights provided for in the 14th Amendment to the Constitution of the United States of America, as well as federal statutes including Title VII of the Civil Rights Act of 1964, as amended.

57.    While acting under color of state law, the Defendant "Haynes" as Principal of Liberty Hill Academy, a school or program operated by the Defendant "District" during the time period of August 2016 through May 2020, and the Defendant "Coker" as the Defendant "Haynes" Supervisor, and as a Director of Student Discipline for the Defendant "District" and as Director of Alternative Programs, including Liberty Hill Academy from August of 2016 through May of 2020, discriminated against the Plaintiff on the basis of her race (African-American) and gender (Female), by subjecting the Plaintiff to a racially and sexually hostile work environment during the time period of August 2016 through May of 2020.

58.    That while acting under color of state law as above stated, the Defendant "Haynes" and the Defendant "Coker" singularly and in combination, by their deliberate and/or reckless indifference, as set forth in the preceding paragraphs, subjected the Plaintiff to working in an environment where the Plaintiff was frequently subjected to offensive, unwelcome, degrading and dehumanizing racial and sexual slurs, and Plaintiff is entitled to actual, consequential and compensatory damages as well as punitive damages against the

15

Defendants "Coker" and "Haynes", and reasonable attorney fees under Section 42 U.S.C. §1983.

59.    That the actions and omissions of the Defendant "Coker" and the Defendant "Haynes" and each of them, were the actions of final decision makers and were the actions and omissions of high ranking Administrators of the Defendant "District" a state subdivision, and were acts and omissions under color of state law, regarding the conditions of Plaintiff's employment with the Defendant "District" for purposes of liability under 42 U.S.C. 1983 and were violations of the Plaintiff's constitutionally protected rights under the 14th Amendment of the Constitution of the United States of America to a work environment free of discrimination based on race and gender.

**FOR A SECOND CAUSE OF ACTION**
(Violation of EEOC Regulation 29 CFR § 1604.11(e))

60.    Plaintiff repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

61.    That EEOC Regulation 29 CFR § 1604.11(e) states an "Employee may be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the condition and fails to take immediate and appropriate corrective action"

62.    The Defendant "Coker" knew or should have known that female employees at Liberty Hill Academy were frequently subjected to sexually and racially hostile words and actions and through her acts and omissions failed to take immediate and appropriate corrective action.

63.   That the Defendant "Coker" as Director of the Alternative Program with the Defendant

"District" and as Director of Student Discipline with the Defendant "District" at all times

relevant hereto, failed to even acknowledge or admit that racial and sexual slurs are

inherently offensive, degrading and unwelcomed, and failed to properly and adequately

address the rampant problems in the Defendant "District" schools where female

employees are frequently called "mother f'ing bitches", and African-American

employees are frequently called the "N-word" in part because as she acknowledges she

did not find those terms inherently offensive, unwelcome or degrading, and did not and

never took the position that racial and sexual slurs are offensive, unwelcome or degrading

by their very nature and ought not be tolerated under any circumstances in the schools

being operated by the Defendant "District" and over which the Defendant "Coker" was

the Final decision maker as "Director of Student Discipline" for all "District" schools and

programs during the time period August of 2016 through May of 2020.

64.   That the Defendant "Haynes" had final decision making and control over the discipline of

students onsite at Liberty Hill Academy during all times relevant hereto from August of

2016 through May of 2020 and did not immediately and appropriately take action to

control and stop the use of racial and sexual slurs against African-American female

employees although he knew, or reasonably should have known of their frequent use

against African-American females by students at Liberty Hill Academy from August of

2016 to May of 2020.

65.   That the Defendant "Haynes admitted in his email to Liberty Hill employees on

November 8, 2017 that he "finished closing without action 159 discipline referrals" and

that "I closed all referrals that had not been acted upon from the beginning of the year

until October 13th", an action taken by the Defendant "Haynes" only after consultation

and coordination with his Supervisor, the Defendant "Coker".

66.    That as a direct result of the Defendant "Coker" and Defendant "Haynes" failing to take

immediate action and appropriate, corrective action as above stated, the Plaintiff suffered

actual and consequential damages and is entitled to compensatory damages and punitive

damages as well as attorney fees and cost against the Defendant "Coker" and Defendant

"Haynes" for the mental stress, change in personality, physical symptoms of stress,

depression and anxiety, medical treatment and cost and income loss, that the Plaintiff

suffered as a direct and proximate result of such failures to act by the Defendant "Coker"

and "Haynes"

### FOR A THIRD CAUSE OF ACTION
(Violation of Title VII)

67.    The Plaintiff repeats all of the above paragraphs as though restated verbatim herein.

68.    Title VII prohibits discrimination against any person with respect to compensation, terms,

conditions or privileges of employment because of a person's race, color, religion or

natural origin, 42 U.S.C. § 2000 (e)(2).

69.    Section 2000 (e)(2) prohibits employers such as the Defendant "District" from

maintaining work environments that are racially and sexually hostile to employees such

as what the Plaintiff was subjected to.

70.    The Defendant "Haynes" and Defendant "Coker" as agents of the Defendant "District"

are employees covered by the provisions of the Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 20000(e)(2) *et. seq.*

71.    Title VII recognizes that employers, including the Defendant "District" bears ultimate

responsibility for what occurs in their workplace, including control over non-employees

present there.  A school district similarly owes it's employees under Title VII to take reasonable, prompt and appropriate steps to stop racial and sexual harassment of employees by students.  The Defendant "District", Defendant "Coker" and Defendant "Haynes"  had the ability and authority to exercise significant control over the students and as set forth above, failed to take reasonable, prompt and effective corrective means, even failing to respond at all to several hundred discipline referrals.

72. That the Defendant "District", Defendant "Coker" and Defendant "Haynes" knowingly acted with reckless indifference to the sexual and racial hostility directed to the Plaintiff.

73. The racially hostile work environment as set forth above, adversely affected the terms and conditions of the Plaintiff's employment with the Defendant "District" and violated the Plaintiff's rights under  42 U.S.C. § 20000(e)(2).

74. That the sexually and racially hostile work environment so adversely affected the Plaintiff that she had to seek medical care, incur medical expenses and ultimately in May of 2020 separate herself from employment with the Defendant "District" because of fear for her safety and the depression, stress, anxiety and physical symptoms of illness she was suffering from as the result of that racially and sexually hostile work environment.

75. That as a direct and proximate result of the Defendant "District's", Defendant "Haynes'" and Defendant "Coker's" conduct, singularly and in combination, in violation of 42 U.S.C. § 20000(e)(2) the Plaintiff has been damaged in that she has lost income, employment opportunities with the Defendant "District", salary and benefits as well as having been "constructively discharged from employment on or about May 19, 2020 when the Plaintiff separated herself from employment with the Defendant "District" because of fear for her physical safety and mental health as a direct result of the sexually

and racially hostile work environment she was subjected to at Liberty Hill Academy as a woman and African-American.

76.    That the acts and omissions of the Defendant "District" acting by and through it's policies and acts and omissions of the Defendant "Haynes" and Defendant "Coker" as above stated were intentional, willful, malicious and in reckless disregard of the Plaintiff's federally protected rights under the Title VII, and the Plaintiff is entitled to actual, consequential damages, as well as reasonable attorney fees under 42 U.S.C. § 20000(e)(5)(1c) against the Defendant "District", Defendant "Coker" and Defendant "Haynes", as well as punitive damages against Defendant "Haynes" and Defendant "Coker".

WHEREFORE, having fully set forth her allegations against the Defendants, and each of them, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for economic loss directly and proximately caused by the Defendant "District", Defendant "Haynes" and Defendant "Coker" unlawful conduct, acts and omissions, singularly and in combination;

2. Compensatory damages for physical symptoms of illness, emotional distress, changes in personality, nightmares, anxiety, depression and fear, against Defendant "District", Defendant "Haynes" and Defendant "Coker";

3. Punitive damages against the Defendants "Coker" and "Haynes"; and

4. Reasonable attorney fees and costs; and

5. For such relief as this Court and Jury may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL.

(SIGNATURE ON NEXT PAGE)

Respectfully submitted,

KOBROVSKY LAW OFFICE, LLC


/s/ Lawrence C. Kobrovsky, ESQ
Lawrence C. Kobrovsky, ESQ
198 Rutledge Avenue, Suite 7
Charleston, SC 29403
Fed Bar #: 5294, SC Bar #:  3592
(843) 853-3703
Facsimile: (843) 853-2331
Email: kobrovskyl@bellsouth.net


December 13, 2022

Charleston, South Carolina